UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

MICHAEL J. HARRIS,

       Plaintiff,

                **Hon. Hugh B. Scott**

       v.

                08CV642S

                **Report**
                **&**
COHEN & SLAMOWITZ, LLP,       **Recommendation**

       Defendant.

   This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) without dispositive jurisdiction (Docket No. 5). Later, Judge William Skretny issued a new referral Order conferring jurisdiction to issue a Report & Recommendation on dispositive motions in this case, pursuant to § 636(b)(1)(B) (Docket No. 14).

### BACKGROUND

   In this Fair Debt Collection Practices Act case, the instant matter before the Court is plaintiff's counsel's motion to withdraw as counsel (Docket No. 11). In this motion, plaintiff's counsel contends that he has attempted to communicate with plaintiff since December 28, 2008, and has had no word from him (id. Pl. Atty. Affirm. ¶ 3). Counsel had to appear at a mediation session, on January 5, 2009, without plaintiff because of plaintiff's failure to communicate (id.). The mediator then determined that the case had not settled but mediation was completed (Docket No. 10). Plaintiff's counsel mailed a copy of the then-proposed motion to withdraw to plaintiff on or about April 7, 2009, with no response from plaintiff (Docket No. 11, Pl. Atty. Affirm. ¶ 4,

Ex. A). As a result of not being able to communicate with him, and thus provide him with "effective and competent representation" (id. ¶ 5), counsel now moves to be relieved from this case.

The Court then scheduled an initial Status Conference for June 23, 2009, warning plaintiff (through his counsel) that if he failed to appear, failed to respond to this motion, or failed to notify the Court to reschedule the matter "this Court may recommend that the action be dismissed for failure to prosecute. See Irby v. New York City Transit Auth., 262 F.3d 412 (2d Cir. 2001)," (Docket No. 12). This Status Conference was held on June 23, 2009, and plaintiff was not present and the Court noted that plaintiff (through counsel) was noticed (as described above, see Docket No. 12). Plaintiff's counsel reported that he has not had communication with his client, including having a mediation session conducted without plaintiff being present. (Docket No. 11, Pl. Atty.'s Affirm. ¶¶ 3, 5; Docket No. 13, Minutes.) At the conclusion of that conference, the Court stated that a Report & Recommendation would issue regarding this matter.

The Court then scheduled a second Status Conference for July 8, 2009 (Docket No. 15), with the same notice as given for the initial conference (id.), but plaintiff failed to appear at this conference as well (Docket No. 16).

Plaintiff's counsel's motion to withdraw is **held in abeyance** pending resolution of the underlying issue of whether plaintiff has abandoned this action.

### DISCUSSION

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal of action where "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . Unless the dismissal order states otherwise, a dismissal under this

subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits," Fed. R. Civ. P. 41(b) (effective Dec. 1, 2007). Despite the language of Rule 41(b) providing for dismissal upon a defense motion, the Court has the inherent power to sua sponte dismiss cases to clear its calendar of dormant actions "because of inaction or dilatoriness of the parties seeking relief," Link v. Wabash R.R., 370 U.S. 626, 630 (1962); see United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 250 (2d Cir. 2004); Saylor v. Bastedo, 623 F.2d 230, 238 (2d Cir. 1980) (Friendly, J.) (rejecting dismissal where held notice to parties of court's intention to dismiss was insufficient). Dismissal of an action is the harshest sanction the Court can impose, Drake, supra, 375 F.3d at 251.

     Here, plaintiff was placed on notice that he had to appear or otherwise communicate to the Court by the June 23, 2009, conference regarding the status of his counsel and his intentions in prosecuting this action. He was later placed on a similar notice for the July 8, 2009, conference. The notices for both conferences (including an Irby notice, see Irby, supra, 262 F.3d 412) were sent through his counsel, warning plaintiff that if he failed to appear or failed to contact the Court to seek a change in the schedule for the conference, "this Court may recommend that the action be dismissed for failure to prosecute" (Docket No. 12, Order; Docket No. 15, Order). Plaintiff did not appear at the June 23, 2009, or July 8, 2009, conferences. There is no indication that plaintiff did not receive the notice. Plaintiff is represented by counsel, but the issue to be discussed at that conference was that counsel's motion to be relieved from this case because plaintiff had not communicated with him. Plaintiff's counsel reported that the

notices were not returned to his office or that he received any other indication of problems with the Postal Service delivering to plaintiff (see Docket No. 16).

Since plaintiff has not communicated with counsel and his counsel is seeking to withdraw, his position is akin to that if he were proceeding pro se and, as such, pro se parties are granted "special leniency regarding procedural matters," LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001), and thus dismissal of a pro se's action for failure to prosecute is done only "when the circumstances are sufficiently extreme," Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996); LeSane, supra, 239 F.3d at 209, because of the harshness of dismissal, see Drake, supra, 375 F.3d 248, 251 (2d Cir. 2004).

The Second Circuit has listed several factors that must be considered before dismissal of a pro se's action for failure to prosecute. First, the Court must consider the duration of plaintiff's failure to comply with the Court's Order; second, whether plaintiff received notice that further delays would result in dismissal; third, whether defendant is likely to be prejudiced by further delays; fourth, whether the Court has taken care to strike the balance between alleviating court calendar congestion and protecting plaintiff's right to due process and a fair chance to be heard; and fifth, whether the judge has adequately assessed the efficacy of lesser sanctions to dismissal, e.g., Drake, supra, 375 F.3d at 254 (quoted in Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam)); LeSane, supra, 239 F.3d at 209; Lucas, supra, 84 F.3d at 535. No one factor is dispositive and the dismissal on this basis is reviewed on the entire record, Drake, supra, 375 F.3d at 251.

As for the first factor, the duration between the first notice and the last status conference was relatively brief, but plaintiff has not communicated with counsel since December 28, 2008,

4

including not appearing at a January 5, 2009, mediation session (see Docket No. 11, Pl. Atty. Affirm. ¶ 3; see also Docket No. 10 (mediator's certificate declaring that mediation was concluded)). As for the second factor and as noted above, plaintiff was given sufficient notice of the status conferences (see Docket Nos. 12, 15), as well as plaintiff's counsel's motion to withdraw (see Docket No. 11, Pl. Atty. Affirm. Ex. A), with no indication that plaintiff did not receive delivery of these mailed notices. As for the third factor, the prejudice to the defendant, the mediation (without the plaintiff) was conducted and declared completed with the case ready to proceed to trial (see Docket No. 10, mediation cert.), thus requiring defendant to prepare a defense of this action that probably could have been settled[1]. Although there has been no motions to compel discovery, with plaintiff's counsel no longer in communication with his client, further discovery may become difficult and delayed. As for the fourth factor, balancing Court calendar and plaintiff's right to his day in court, plaintiff has not indicated that he intends to pursue the matter by not contacting counsel (or the Court) in the face of his attorney's withdrawal motion. Such a motion should have alerted plaintiff to a communication problem between himself and his attorney and the possibility that his case may jeopardized if plaintiff persists in his silence and inaction. If plaintiff's counsel's motion to withdraw is granted, there will be a delay in waiting for plaintiff either to appear pro se in actuality or retain new counsel.

As for the fifth factor, the availability of other sanctions, imposing costs or granting plaintiff's counsel's motion and having plaintiff proceed either pro se or with new counsel might not work. Since plaintiff has not responded to the Court's notices regarding his counsel's

---

[1] The Court notes that most of the Fair Debt Collection Practices Act cases filed in this district in the recent past have been resolved in mediated settlements.

withdrawal motion wherein his options on how he intended to proceed (either proceeding pro se or by retaining new counsel or by communicating with current counsel), it is not clear that plaintiff would continue this action absent his counsel's present activity. Furthermore, a monetary sanction might not achieve the desired result (determining plaintiff's intentions about pursuing this action). A possible sanction might be defendant's fees for the mediation (attorney's fees as well as the defense share of that session) as well as costs from the aborted initial Status Conference[2]. Another sanction may be awarding plaintiff's counsel attorney's fees either for his motion to withdraw (including his time for appearing at the two status conferences) or for his time from December 28, 2008, when he last had contact with plaintiff, assuming that plaintiff had a contingent fee arrangement with his counsel and has not retained counsel for this expended time already. While these sanctions may provide an additional wake up call for plaintiff, the sanctions may remain unpaid and essentially compel a later Order to dismiss the action in any event if plaintiff persists in his inaction.

Looking at the record as a whole in this case, see Drake, supra, 375 F.3d at 254, 258, **dismissal is appropriate here**. Plaintiff's prolonged failure to communicate with his counsel and plaintiff's later failure to appear shows his intention not to pursue his claims. A lesser, monetary sanction or allowing plaintiff to proceed with different representation (or no representation at all) may just postpone the inevitable dismissal for failure to prosecute if plaintiff's intent is not to pursue this action.

---

[2]Given the nature of the status conference, defense counsel was excused from appearing at the July 8, 2009, conference.

This case is similar to the recently decided case by the Second Circuit in Ruzsa, supra, 520 F.3d 176. There, the United States District Court for the District of Connecticut ordered a pro se plaintiff to file an Amended Complaint by March 31, 2006, but plaintiff did not respond at all. On October 26, 2006, the Clerk of Court entered a Notice to Counsel, that (pursuant to local rule) the case would be dismissed unless a satisfactory explanation why it should not be was given by November 26, 2006. Plaintiff again failed to respond and the case was dismissed by this procedural device on December 4, 2006. Id. at 177. After reviewing the five factors discussed above, the Second Circuit affirmed dismissal of Ruzsa's case, id. at 177-78.

As with Ruzsa, supra, 520 F.3d at 178, plaintiff here had "ample opportunity to pursue his claim[s]" before this Court but "chose not to do so." As a result of plaintiff's failure to communicate with his counsel since December 2008 and failure to appear at status conferences to discuss his representation in this action warrants dismissal of this case. Plaintiff's counsel's motion is held in abeyance pending disposition of this Report & Recommendation; if the Report is modified or denied, counsel's motion will be considered, but if the Report is adopted, counsel's motion would become moot.

## CONCLUSION

Based upon the above, it is recommended that the Complaint in this action be **dismissed for failure to prosecute with prejudice** pursuant to Federal Rule of Civil Procedure 41(b). Until this recommendation has been considered, plaintiff's counsel's motion to withdraw (Docket No. 11) remains **held in abeyance**. As a result, plaintiff's counsel is instructed to forward this Report & Recommendation to his client to allow the plaintiff to file any objection he intends to submit.

7

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

  SO ORDERED.

                        _/s/ Hugh B. Scott_
                        Hon. Hugh B. Scott
                       United States Magistrate Judge

Dated: Buffalo, New York
    July 13, 2009